IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-139-PLR-DCP |
| | ) | |
| LAWRENCE R. MURRAY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant Lawrence Murray's Motion to Continue Trial Date and extend Deadlines [Doc. 15], filed on October 28, 2019. The Defendant asks to continue the November 12, 2019 trial date and the other deadlines in this case to give his attorney additional time to investigate the factual and legal issues in this case, to explore the opportunity for an agreed resolution, and to prepare for trial. Defendant contends that a trial continuance would further the ends of justice and that the Government does not object to the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of April 14, 2020.

The Court finds the Defendant's motion to continue the trial and other deadlines to be unopposed by the Government and to be well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges Defendant Murray with eight counts of Hobbs Act robbery; eight counts of using, carrying, and brandishing a firearm in relation

to a crime of violence; and a single count of being a felon in possession of a firearm, all of which are alleged to have occurred in April and May 2019. The Defendant first appeared in this case on September 11, 2019; and at that time, the Court appointed [Doc. 7] Attorney Joshua D. Hedrick to represent him. In the motion, Mr. Hedrick relates that, although the parties are working diligently on this case, additional time is needed, in part due to his involvement in another criminal trial the week that pretrial motions are due in this case. The Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's unopposed motion [**Doc. 15**] to continue the trial date and schedule is **GRANTED**, and the trial is reset to **April 14, 2020**. The Court finds that all the time between the filing of the motion for a continuance on **October 28, 2019**, and the new trial date of **April 14, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is extended to **November 29, 2019**. Responses to pretrial motions are due on or before **December 13, 2019**. The parties are to appear before the undersigned for a motion hearing on **December 19, 2019, at 9:30 a.m.** If the parties need a final pretrial conference, they must contact the undersigned's Chambers, at least three weeks prior to the trial date, to request one. The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **March 16, 2020**. All motions *in limine* must be filed no later than **March 30, 2020**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **April 3, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial Date and Extend Deadlines [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 14, 2020, at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion on **October 28, 2019**, and the new trial date of **April 14, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **November 29, 2019**. Responses to pretrial motions are due on or before **December 13, 2019**;

(5) The parties are to appear before the undersigned for a hearing on all pending pretrial motions on **December 19, 2019, at 9:30 a.m.**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **March 16, 2020**;

(7) Motions *in limine* must be filed no later than **March 30, 2020**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **April 3, 2020.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge