UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA            )
                                    )
            Plaintiff,              )
                                    )        No. 3:19-CR-139
v.                                  )
                                    )        CHIEF JUDGE REEVES
LAWRENCE R. MURRAY                  )
                                    )
            Defendant.              )

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of

Tennessee, and the defendant, Lawrence R. Murray, and the defendant's attorney, Mr. Josh

Hedrick, have agreed upon the following:

1.      The defendant will plead guilty to the following counts in the indictment:

        a.  Counts Three, Five, Seven, Nine, Eleven, Thirteen, and Fifteen, which charge

Hobbs Act Robbery, in violation of Title 18, United States Code, Sections 1951. The

punishment for these offenses are as follows: (1) a maximum term of imprisonment of up to

twenty years; (2) a fine of up to $250,000; (3) a term of supervised release of up to three years;

(4) restitution; and (5) a mandatory $100 special assessment.

        b.  Counts Four and Six, which charge brandishing of a firearm in furtherance of

a crime of violence, in violation of Title 18, United States Code, Section 924(c). The

punishment for these offenses are as follows: (1) a mandatory minimum term of imprisonment of

at least seven years and a maximum term of imprisonment of life, to be served consecutively to

any other term of imprisonment imposed, (2) a fine of up to $250,000, (3) a term of supervised

release of up to five years, (4) and a mandatory $100 special assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offense are as follows:

Counts Three, Five, Seven, Nine, Eleven, Thirteen, and Fifteen: (1) The defendant obtained property, or attempted to obtain property from another without that person's consent; (2) the defendant did so by wrongful use of actual or threatened force, violence, or fear; and (3) as a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in some way or degree.

Counts Four and Six: (1) the defendant did commit the crimes charged in Counts Three and Five, which are a crime of violence, which may be prosecuted in a court of the United States, (2) the defendant knowingly brandished a firearm, and (3) that the brandishing of the firearm was in furtherance of the crimes charged in Counts Three and Five.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offenses' elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On April 25, 2019, the Shell Gas Station and Faststop Market #219, at or near 1855 Winfield Dunn Parkway, Sevierville, Tennessee, was robbed by a white male wearing a black hoodie, white gloves, and a black and red bandana across his face, later identified as the

2

defendant, brandishing a black pistol. The defendant entered the Faststop Market, approached the counter, and brandished a pistol, pointing the pistol at the Faststop Market employee standing behind the cash register. The defendant directed the Faststop employee to empty the cash register into a bag and give the bag to the defendant. The employee stated she did not have a bag, so the defendant took the whole cash register drawer. The defendant then fled from the store. At the time of this robbery, the Faststop Market #219, at or near 1855 Winfield Dunn Parkway, Sevierville, Tennessee, was a business engaged in interstate commerce.

On May 2, 2019, the Dollar General Store, at or near 4640 Rutledge Pike, Knoxville, Tennessee, was robbed by a white male wearing a black hoodie, gloves, Titleist cap, and a gray and white camouflage facemask, later identified as the defendant. The defendant entered the Dollar General and approached the counter towards the Dollar General employee. The defendant brandished a pistol, pointing it at the Dollar General employee, and directed the Dollar General employee towards the cash register. The Defendant demanded the employee give him the contents of the cash register. The Dollar General employee unlocked the cash drawer and lifted out the entire cash tray, giving it to the defendant. The defendant then fled from the store. At the time of this robbery, the Dollar General Store, at or near 4640 Rutledge Pike, Knoxville, Tennessee, was a business engaged in interstate commerce.

On May 13, 2019, the Breadbox Gas Station, at or near 5014 Washington Pike, Knoxville, Tennessee, was robbed by a white male with a red beard, wearing cargo shorts exposing tattoos on both legs, later identified as the defendant. The defendant entered the Breadbox store and approached the counter towards the Breadbox employee. The defendant demanded the employee give him the money from the cash register. The employee took some cash from the register drawer and gave it to the defendant. The defendant then fled from the

3

Breadbox Gas Station. At the time of this robbery, the Breadbox Gas Station, at or near 5014 Washington Pike, Knoxville, Tennessee, was a business engaged in interstate commerce.

On May 14, 2019, Uncle Lem's Mercantile and Outdoor, at or near 1024 Sevier Avenue, Knoxville, Tennessee, was robbed by a white male with a beard, wearing a camouflage hoodie, sunglasses, tan shorts, later identified as the defendant. The defendant entered the store and directed an Uncle Lem's employee to give him all of the money from the cash register. The Uncle Lem's employee opened the cash drawer and gave the defendant the cash from the drawer. The defendant then fled from the store. At the time of this robbery, Uncle Lem's Mercantile and Outdoor, at or near 1024 Sevier Avenue, Knoxville, Tennessee, was a business engaged in interstate commerce.

On May 16, 2019 at approximately 4:24 a.m., the EZ Stop Gas Station, at or near 1401 Winfield Dunn Parkway, Sevierville, Tennessee, was attempted to be robbed by a white male wearing a camouflage jacket and a scarf across his face, later identified as the defendant. The defendant entered the EZ Stop and approached the counter where an EZ Stop employee was standing behind a cash register. The defendant directed the EZ Stop employee to open the cash register and give him all the money from the cash register. The EZ Stop employee made it appear as if the drawer would not open and told the defendant to either leave. The defendant fled from the store. At the time of this attempted robbery, the EZ Stop Gas Station, at or near 1401 Winfield Dunn Parkway, Sevierville, Tennessee, was a business engaged in interstate commerce.

On May 16, 2019 at approximately 9:10 a.m., the Dollar General Store, at or near 4125 Chapman Highway, Knoxville, Tennessee, was robbed by a white male wearing a camouflage jacket, sunglasses, and a bandana over his face, later identified as the defendant. The defendant entered the Dollar General, approached the counter towards a Dollar General employee. The

4

defendant directed the Dollar General employee towards the cash register and demanded she give him the money from the cash register. The Dollar General employee struggled to get the cash drawer open. She eventually opened the drawer and lifted out the cash tray and gave it to the defendant. The defendant then fled from the store. At the time of this robbery, the Dollar General Store, at or near 4125 Chapman Highway, Knoxville, Tennessee, was a business engaged in interstate commerce.

On May 16, 2019 at approximately 4:30 p.m., the Cash Express, at or near 6107 Chapman Highway, Knoxville, Tennessee, was robbed by a white male wearing a camouflage jacket and sunglasses, later identified as the defendant. The defendant entered the Cash Express and demanded a Cash Express employee give him money from the business. The Cash Express employee complied and gave the defendant money. The defendant then fled from the Cash Express. At the time of this robbery, the Cash Express, at or near 6107 Chapman Highway, Knoxville, Tennessee, was a business engaged in interstate commerce.

On May 17, 2019 at approximately 4:15 a.m., the defendant was admitted to Fort Sanders Regional Hospital through the Emergency Department, suffering from a gunshot wound to his leg. Knoxville Police Department officers were dispatched to the hospital after the defendant told medical personnel that his gunshot wound was the result of being the victim of an attempted armed robbery by an African American male. Upon interviewing the defendant, officers advised the defendant of his constitutional rights and told the defendant he matched the description of a suspect in a series of robberies. After waiving his rights, the defendant confessed to the robberies. The defendant told law enforcement where he hid the pistol he used in the robberies and law enforcement officers recovered the firearm from an apartment at 192 South Hall of Fame Drive, Knoxville, Tennessee. An empty black plastic cash drawer was also recovered

5

from the side of the road near 192 South Hall of Fame Drive. Law enforcement officers searched the defendant's vehicles and found clothing that matched the descriptions of clothing from the robberies.

5.     The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

a)     the right to plead not guilty;

b)     the right to a speedy and public trial by jury;

c)     the right to assistance of counsel at trial;

d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e)     the right to confront and cross-examine witnesses against the defendant;

f)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g)     the right not to testify and to have that choice not used against the defendant.

6.     The parties agree that the appropriate disposition of this case would be the following as to each count:

a)     The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b)     The Court will impose special assessment fees as required by law; and

c)     The Court may order forfeiture as applicable and restitution as appropriate.

6

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7.      Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines.

8.      The defendant agrees to pay the special assessment in this case prior to sentencing.

9.      Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot

pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a)      If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b)      The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c)      If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

8

10.     The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a)     The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b)     The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c)     The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11.     This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of

9

this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12.     The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13.     This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

10

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

12 - 18 - 19

Date

By:    _____
       ALAN S. KIRK
       Assistant United States Attorneys

12 - 13 - 19

Date

       _____
       LAWRENCE R. MURRAY
       Defendant

12 - 13 - 19

Date

       _____
       JOSH HEDRICK
       Attorney for the Defendant

11